UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY M. CROSSMAN,

        Plaintiff,

-vs-                                                    Case No.  5:14-cv-115-Oc-10PRL

ASSET ACCEPTANCE, L.L.C.,

        Defendant.
_____/

**O R D E R**

On February 19, 2014, Plaintiff Gregory M. Crossman filed a two-count Complaint against Defendant Asset Acceptance, L.L.C., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 - 559.785 ("FCCPA") (Doc. 1).  Crossman filed an Amended Complaint on April 30, 2014, which added a claim for violations of Fla. Stat. § 701.04 (Doc. 14).  Crossman asserts that this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, and supplemental subject matter jurisdiction over the state law claim under 28 U.S.C. § 1367.

The case is now before the Court on Asset Acceptance's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18), to which Crossman has filed a response in opposition (Doc. 20).  Upon due consideration, and for the reasons discussed below, the Court finds that

Crossman's claims as presently pleaded are all barred by the applicable statutes of limitations, and the Amended Complaint must be dismissed.[1]

## Facts As Alleged in the Amended Complaint

At some point prior to 2005, Crossman incurred a personal credit card debt due and owing to Providian. That debt was later transferred by Providian to Asset Acceptance, a debt collection agency, and "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

In 2005, Asset Acceptance filed a lawsuit in the County Court in and for Marion County, Florida, Civil Division, against Crossman in an attempt to collect on the unpaid debt. On February 14, 2007, Crossman and Asset Acceptance entered into a Final Judgment by Consent and Withhold of Execution agreement (Doc. 14, Ex. A). According to the Consent Judgment, Crossman agreed to the entry of judgment against him in the total amount of $13,220.96 (principal balance of $8,647.56, plus $4,293.40 in pre-judgment interest, plus $280.00 in court costs). In turn, Asset Acceptance agreed to accept as full satisfaction of the judgment the sum of $2,000.00, to be paid in monthly payments of $200.00 each. The Consent Judgment was signed by the state judge, and entered into the court records on February 16, 2007 (Id.).

---

[1]The statute of limitations bar is an affirmative defense which a plaintiff need not negate in his complaint. However, the Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) on statute of limitations grounds where it is apparent from the face of the complaint that the claim is time-barred. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004); Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005).

Crossman satisfied the judgment in full on March 28, 2007 (Doc. 14, Ex. B). However, Asset Acceptance did not file a satisfaction of judgment with the state court, and Crossman did not discover that fact until he was denied a reverse mortgage loan in August 2013. In the meantime, since paying the judgment in full, Crossman asserts he has been denied credit for automobile loans, mortgages, and secured loans. The Amended Complaint is devoid of any allegations that Crossman ever attempted to verify that a satisfaction had been filed before August 2013.

Crossman subsequently filed a complaint against Asset Acceptance with the State of Florida Office of the Attorney General; and on September 13, 2013, Asset Acceptance filed a Satisfaction of Final Judgment with the state court (Doc. 14-1, Ex. C).

Crossman alleges that Asset Acceptance's failure to file a satisfaction until September 13, 2013 constitutes harassing conduct in an effort to collect a consumer debt in violation of the FDCPA and FCCPA, for which Crossman has suffered damages. He also seeks damages under Fla. Stat. § 701.04, based on Asset Acceptance's failure to file the satisfaction within 60 days of receipt of payment in full.

### **Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the

allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010); Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." Speaker, 623 F.3d at 1380 (citing Twombly, 550 U.S. at 570, 127 S. Ct. at 1964–65, 1974). A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Id., 555 U.S. at 555, 127 S. Ct. at 1964-65.

**Discussion**

**I.     The Debt Collection Statute Claims**[2]

The FDCPA provides that claims for violations of the act must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Similarly, any action under the FCCPA "must be commenced within 2 years after the date the alleged violation occurred." The only "violation" alleged in Crossman's Amended Complaint is Asset Acceptance's failure to timely file a satisfaction of judgment in his state law case. He has not alleged any other affirmative acts, or failures to act, which would run afoul of the applicable state or federal debt collection statutory schemes.[3]

Crossman has not cited to any provision in the FDCPA or the FCCPA or any decisional authority that mandates the filing of a satisfaction of judgment in any debt collection proceeding. Rather, Crossman cites to Florida Statute § 701.04 as support for his assertion that Asset Acceptance was required to file the satisfaction of judgment in his state court case. This statute, which is entitled "Cancellation of mortgages, liens, and judgments," mandates that within sixty (60) days after the date of receipt of payment in full

---

[2]Florida has determined that the interpretation and analysis of the FDCPA, and in particular its statute of limitations, should apply, or at the least be given great weight, in analyzing the FCCPA. See Fla. Stat. § 559.77(5) ("In applying and construing [the FCCPA], due consideration and great weight shall be given to the interpretation of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."); Read v. MFP, Inc., 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012) (""Florida courts must give 'great weight' to federal interpretations of the FDCPA when interpreting and applying the FCCPA."). The Court will therefore apply the same decisions and analysis to both the FDCPA and FCCPA claims.

[3]Crossman mentions that Asset Acceptance "continu[ed] to dun him" but does not provide any facts to support this bald assertion. See Doc. 14, ¶ 20.

on a judgment, the recipient must execute a satisfaction of judgment, file the executed document in the official records of the proper county, and send a copy of the recorded satisfaction to the judgment debtor who made full payment. Fla. Stat. § 701.04(2). Because Asset Acceptance allegedly received payment in full on March 28, 2007, it was required to file the satisfaction of judgment in its state court action against Crossman, and send a copy of the recorded satisfaction to him no later than May 27, 2007.

Asset Acceptance argues that the "alleged violation" which triggered the statutes of limitations for each of Crossman's claims took place on May 28, 2007, the day after the 60 day period expired, and the failure to file constituted a violation of the statute. Applying the FDCPA's one year limitations period, Asset Acceptance asserts that Crossman's FDCPA claim became time barred as of May 28, 2008, and that Crossman's FCCPA claim became time barred as of May 28, 2009.

In his response, Crossman contends that the Court should apply a continuing violation theory to his claims, and hold that each day Asset Acceptance failed to file the satisfaction of judgment constituted a new violation of the FDCPA and the FCCPA.[4] According to Crossman, none of the applicable limitations periods would therefore have begun to run until September 13, 2013, when Asset Acceptance finally filed the satisfaction of judgment.

---

[4] The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001).

The question of when the statute of limitations begins to run under the FDCPA and the FCCPA when a debt collector fails to file a satisfaction of judgment appears to be an issue of first impression not only within this Circuit, but in the entire federal court system. The difficulty lies in the fact that Crossman has not alleged any overt wrongful action on the part of Asset Acceptance; this is a case based on inaction or omission.

The Court has researched analogous decisions, and finds persuasive the case cited by Asset Acceptance: Center for Biological Diversity v. Hamilton, 453 F.3d 1331 (11th Cir. 2006). In Hamilton, several environmental agencies brought suit to require the Secretary of the Department of the Interior to designate a critical habitat for two endangered species of minnows. Under the applicable statutory scheme, the Secretary was required to publish a final regulation designating the critical habitat of a species within one year of the date of publication of the proposed regulation that listed the species as endangered or threatened. See 16 U.S.C. § 1553(b)(6)(A). If the Secretary cannot determine the critical habitat within that one year period, the Secretary "may extend the one year period . . . by not more than one additional year, but not later than the close of such additional year the Secretary must publish a final regulation. . . ." 16 U.S.C. § 1533(b)(6)(C)(ii). The Secretary issued the proposed rule listing the two species of minnows as threatened on April 19, 1991; therefore the Secretary should have designated a critical habitat for the threatened fish no later than April 19, 1993. The Secretary never issued a designation. 453 F.3d at 1333, 1334.

The plaintiffs filed suit on September 2, 2004, more than 12 years after the final rule had been promulgated. The Secretary argued that the complaint was time-barred under

the applicable six-year limitations period.  Id. at 1334-35.  See also 28 U.S.C. § 2401(a).  The plaintiffs asserted a continuing violations theory, arguing that "the passage of each day creates an additional cause of action, which triggers anew the running of the six-year limitations period."  Id.  The district court rejected the continuing violations theory and dismissed the case as time-barred.

The Eleventh Circuit Court of Appeals agreed.  Looking to the language of the Endangered Species Act, the court found that the Act "counsels in favor of a single violation that accrues on the day following the deadline."  453 F.3d at 1335.  The court focused on the language in the Act requiring the Secretary to designate the critical habitat of a species "not later than the close of such additional year the Secretary must publish a final regulation. . . ."  Id. (quoting 16 U.S.C. § 1553(b)(6)(C)(ii)).  According to the court, the phrase "'not later than' creates not an ongoing duty but a fixed point in time at which the violation for the failure of the Secretary to act arises."  Id.  The court also noted that the Eleventh Circuit has narrowly limited the scope of the continuing violation doctrine, typically applying it only in employment discrimination cases, and that "this Circuit distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does."  Id. at 1335-36.  The court then found that the plaintiffs were complaining of the continuing effects of the failure of the Secretary to determine the critical habitat by the statutory deadline, a one-time violation of the Act.  Id.

8

Applying Hamilton to this case, the Court finds that the language of Fla. Stat. § 701.04 does not support a continuing violation theory. Rather, § 701.04(2) requires the recipient of payment in full to take action "[W]ithin 60 days after the date of receipt of the full payment. . . ." Similar to the "not later than" language in Hamilton, the "within 60 days" language in Fla. Stat. § 701.04(2) creates a fixed point in time at which the violation for the failure to act arises. If the payee does not record a satisfaction of judgment and mail a copy to the payor within 60 days, a cause of action arises at the conclusion of the 60 day period. A new cause of action, based on the exact same failure to act, does not separately arise every day thereafter. See also Bloom v. Alvereze, 498 Fed. Appx. 867 (11th Cir. Nov. 19, 2012) (holding that statute of limitations for a 42 U.S.C. § 1983 civil rights action began to run at the time the defendants seized the plaintiff's property; there was no continuing violation based on the fact that the defendants continued to retain the property).

The language of the FDCPA and the FCCPA also promotes a similar interpretation. Both statutes say that their respective limitations periods begin to run from the date that the violation occurred. Such language clearly contemplates a specific date or point in time. If the parties and the Court were not able to identify a specific date for the violation, there would be no operative limitations period at all. Thus, if the Court were to adopt Crossman's continuing violations period in this case – based solely on a failure to act – a claim would never be time barred under either statutory scheme. The Court cannot interpret a statute in a way that makes it a nullity.

The Court is further persuaded by other federal court decisions in situations where a debt collector is required to act within a prescribed time period, and the FDCPA's one-year statute of limitations period begins to run on the first day after the expiration of that time period – it does not continue to run indefinitely. For example, in Maloy v. Phillips, 64 F.3d 607 (11th Cir. 1995), the Eleventh Circuit held that an action for violation of the FDCPA accrued, for statute of limitations purposes, on the day after a debt collector mailed its debt collection letter, not on the date it was received. If the initial letter did not provide debt verification information, the debt collector had five days after the initial communication with the consumer to provide such information, and the limitations period would not begin to run until the five day period had expired. 64 F.3d at 608-09.

Franklin v. Dean, 2013 WL 1867105 (M.D. Ala. May 3, 2013) expanded on Malloy and also involved an alleged violation of the FDCPA based on a debt collector's failure to respond to a consumer debtor's request for validation of a debt within the statutorily mandated five day period. See 15 U.S.C. § 1692g(a). The district court determined that the one-year limitations period began to run from the date that the five day period ended – the statute of limitations did not continue to run for each day that the debt collector failed to respond. 2013 WL 1867105 at * 5. And in Willhelm v. Credico, Inc., 455 F. Supp. 2d 1006 (D.N.D. 2006), the district court rejected a "serial violations" theory and held that the FDCPA limitations period was triggered at the time the debt collector first failed to report a debt as disputed. The limitations period would not extend for each day thereafter that the debt collector failed to take action. 455 F. Supp. 2d at 1009.

10

Crossman has cited to five decisions, three in his response and two in his Amended Complaint, as support for his continuing violation theory. None of these authorities are persuasive. The two decisions cited in Crossman's Amended Complaint: Kovacs v. United States, 614 F.3d 666 (7th Cir. 2010) and 3B TV, Inc. v. State, Office of Attorney General, 794 So. 2d 744 (Fla. 1st DCA 2001), are both factually and legally distinguishable from the present case. Kovacs involved the IRS's attempts to collect taxes from a taxpayer who had received a bankruptcy discharge. In contrast to the present case where there were no affirmative acts taken in an attempt to collect a debt, the IRS in Kovacs engaged in multiple discrete acts such as mailing multiple notices of intent to levy and collections letters. See 614 F.3d at 669-71. The Seventh Circuit held that these affirmative acts constituted separate and discrete events, which triggered the running of separate statutes of limitations (one limitations period ran with respect to the notices of intent to levy, and another began to run with the mailing of the collection letters). Id. at 675-76. The Court is unsure as to why Crossman cited 3B TV, a case that involved repeated satellite broadcasts of a promotional bingo game and the Florida Deceptive and Unfair Trade Practices Act. Not only does the case involve a series of discrete acts – the repeated broadcast of a game – but the state court expressly refused to address the question of whether the repeated broadcasts of the bingo game involved a single continuing act or a series of separate acts. See 794 So. 2d at 750-51.

The three decisions cited in Crossman's response are also readily distinguishable. Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008 (11th Cir. 2014) involved

violations of a restrictive covenant in leases between grocery stores and shopping centers. Although the Eleventh Circuit applied a continuing violations theory, the court was influenced by the fact that the restrictive covenants contained an ongoing duty to act – and each day the covenants were violated constituted repeated and successive breaches of the covenant. In contrast, Asset Acceptance was required to file and deliver to Crossman a copy of the satisfaction of judgment within a specific 60 day period. Crossman has not pointed to any statutory or other authority which created an ongoing obligation on the part of Asset Acceptance which was violated on a daily basis.

The other two decisions, Wallace v. United States, 557 F. Supp. 2d 100 (D.C. Cir. 2008) and Claitor v. United States, 1999 WL 675337 (N.D. Cal. July 29, 1999), both involved the two year statute of limitations for bringing actions against the IRS challenging tax liabilities. See 26 U.S.C. § 7433(d)(3). Unlike the FDCPA and FCCPA, the applicable statute of limitations in Wallace and Claitor provides that the two year limitations period begins to run from the date "when the taxpayer has had a reasonable opportunity to discover all the essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). In other words, the Internal Revenue Code statute of limitations has a delayed discovery rule which is not present in the FDCPA or the FCCPA. See 15 U.S.C. § 1692k(d) (a civil action must be filed "within one year from the date on which the violation occurs."); Cooper v. F.A. Mgmt. Solutions, Inc., 2007 WL 4326800 at * 4 (M.D. Fla. Dec. 7, 2007) ("When Plaintiff became aware of the alleged violation is of no consequence in determining whether his claim . . . is time barred. The FDCPA, specifically § 1692k(d),

does not contain a general discovery rule, that is, an exception providing that the one year limitation period begins to run when a debtor 'knows or has reason to know' of a violation of the Act."); Zenon v. Palisades Collection, LLC, 2008 WL 506231 at * 1 (M.D. Fla. Feb. 21, 2008) ("The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered.").[5]

In sum, the FDCPA and FCCPA claims as currently alleged in Crossman's Amended Complaint are time-barred and shall be dismissed. The statute of limitations began to run on May 27, 2007, and expired on May 27, 2008 (for the FDCPA) and on May 27, 2009 (for the FCCPA). The Court notes that Crossman alleged, with respect to his FDCPA claim, that "by not releasing a judgment on a paid debt and continuing to dun him until September 2013," Asset Acceptance committed multiple violations of the FDCPA. Crossman has not stated any facts to support his "continuing to dun" allegation, however he does request in his response leave to amend his complaint "to obviate any pleading deficiency." (Doc. 20, p. 5). Because the Court should freely give leave to amend when justice so requires, see Fed. R. Civ. P. 15(a)(2), the Court will afford Crossman an opportunity to amend his

---

[5]The Court also notes that Crossman has not alleged or argued that he was prevented in any way from discovering Asset Acceptance's failure to timely file the satisfaction of judgment. Nor has Crossman alleged or argued that equitable tolling would apply to extend the limitations periods. And to the extent Crossman is arguing that Asset Acceptance's filing of the satisfaction of judgment on September 13, 2013 constituted a new violation of the FDCPA or the FCCPA or reset the previously expired statute of limitations, that argument is foreclosed because the filing of the satisfaction was part of the 2005 litigation and not a separate attempt to collect a debt. See Farrell v. Patrick A. Carey, P.A., 2012 WL 6803654 at *3 (M.D. Fla. Dec. 19, 2012) ("The course of litigation is not, in itself, a 'continuing violation' of the FDCPA.") (quoting Schaffhauser v. Burton Neil & Assocs., 2008 WL 857523, at * 2 (M.D. Pa. Mar. 27, 2008)).

FDCPA claim to expand on this "continuing to dun" allegation. Such relief does not extend to the FCCPA claim as Crossman has not alleged any dunning activities, or any other acts which could violate the FCCPA, beyond the failure to file the satisfaction of judgment. See Doc. 14, ¶ 23.

## II. The Fla. Stat. § 701.04 Claim

Crossman's state law claim under Fla. Stat. § 701.04 is also due to be dismissed as moot. The statute provides for a cause of action where a judgment creditor who has been paid in full fails to execute and record a satisfaction of judgment, and fails to mail a copy of same to the judgment debtor. In this case, Asset Acceptance complied with the statute on September 13, 2013 – more than five months before Crossman initiated this litigation. There is no provision in Fla. Stat. § 701.04 for damages, it appears that the only relief available is cancellation of the outstanding judgment, and attorney fees and costs to a prevailing party. See § 701.04(2). There is no outstanding judgment in this case, and Crossman obtained all the relief he could seek under Fla. Stat. § 701.04 when Asset Acceptance filed the satisfaction of judgment. Therefore there are also no attorneys fees and costs associated with this claim.

Even if this claim wasn't moot, it would be time barred. Florida utilizes a five year statute of limitations for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument," as well as for "[a]n action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or

territory in the United States, or a foreign country." Fla. Stat. § 95.11(2)(a), (b).  Because any cause of action based on Asset Acceptance's failure to file a satisfaction of judgment accrued on May 27, 2007, the statute of limitations for this claim would have expired on May 27, 2012.

## **Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED that Defendant Asset Acceptance's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18) is GRANTED.  Plaintiff Gregory M. Crossman's Amended Complaint (Doc. 14) is DISMISSED.  Because any amendments would be futile – *i.e.*, could not revive the expired statutes of limitations – with respect to Crossman's FCCPA and Fla. Stat. § 701.04 claims (Doc. 14, Counts II and III), the dismissal of those claims is without leave to amend.

With respect to the FDCPA claim (Doc. 14, Count I), the Plaintiff shall have twenty (20) days from the date of this Order to file a second amended complaint alleging a timely claim for relief under the FDCPA, if he can do so without violating Fed. R. Civ. P. 11.  The amended complaint shall not serve as a opportunity to add new claims.  Rather, this represents a chance for the Plaintiff to remedy the pleading deficiencies in this Order.  Failure to file an amended complaint within the allowed time may result in the dismissal of this case without further notice.

The Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 13) and Unopposed Motion to Temporarily Stay Discovery (Doc. 21) are both DENIED AS MOOT.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 11th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya A. McSheehy